JOSEPH CUMMINGS *versus* ISAAC I. YORK *& als.*

The mere act of issuing a citation to a creditor does not disqualify the justice issuing the same from hearing the disclosure, as a justice selected on the part of the debtor.

And the fact that such justice was counsel for the debtor, in an action subsequently brought upon the bond given to procure the release of the latter from arrest upon the execution, will not affect the disclosure.

ON REPORT.

DEBT on a poor debtor's bond, dated May 25, 1865, given by the defendant York, to procure his release from arrest,

upon an execution issued upon a judgment duly recovered. Within the time mentioned in the bond, York applied under R. S., c. 113, § 23, to Enoch Foster, Jr., a justice of the peace and quorum within and for the county of Oxford, (where the arrest was made,) who duly appointed a time and place for the examination of York, and issued a citation to the creditor, which was duly served. At the time and place appointed in the citation, York appeared and selected the said Foster, who, it was admitted, was a disinterested justice of the peace and quorum as aforesaid, "except so far as the fact that he issued the citation, and is counsel in this action, may render him interested." The creditor appeared by his counsel, selected a justice, and filed a written protest against the said Foster's acting in the premises, because he issued the citation.

The disclosure was perfected, the oath prescribed in § 28 administered, and the certificate provided for in § 31 was duly made and delivered to the said York, within the six months mentioned in the bond. The bond was admitted to be a statute bond. It also appeared that the same justice was counsel for the defendants in this action.

The full Court were to render such judgment as the legal rights of the parties entitled them to.

*S. F. Gibson*, for the plaintiff.

The bond being a statute bond, a strict compliance with the statute is essential.

The Court, before which the debtor disclosed, was not "disinterested" and legally competent as required by R. S., c. 113, § 25. Objection was seasonably filed. Foster was legally incompetent under R. S., c. 83, § 22. Proceedings had under R. S., c. 113, constitute "civil proceedings;" and the issuing of a citation is a "commencement of a civil action," a "civil action" being a "legal demand of one's rights."

The case of *Lovering* v. *Lamson*, 50 Maine, 334, relates particularly to the point of disinterestedness, and does not settle the question of abatement provided in c. 83.

The Legislature had in view the fact that a justice commencing an action would be interested, and they, by force of c. 83, § 22, intended that any interest of that kind should operate as a disqualification. He is interested in sustaining papers drawn by him.

The first act of the justices of a poor debtor's court is to pass upon the sufficiency of the citation.

*Lovering* v. *Lamson* came before the Court upon exceptions, this case on report. The Court has the " power" desired in the former.

*W. W. Virgin & E. Foster, Jr.*, for the defendants.

KENT, J. — The only question presented to us is whether one of the justices, who took the disclosure and administered the oath and gave the certificate, was " disinterested," within the meaning of the statute. The first objection is, that he issued the citation to the creditor. This we understand to establish the fact that he, as a justice of the peace, signed the citation. This was a mere ministerial act, requiring no exercise of judgment, and touching in no way the question whether the debtor was entitled to his discharge on the disclosure to be afterwards made. It might as well be contended that a clerk of the courts, who signs a writ and affixes the seal, was acting as counsel for the party who sues it out. This point has been expressly decided by this Court, in *Ayer* v. *Woodman*, 24 Maine, 196. And in a more recent and much stronger case, *Lovering* v. *Lamson*, 50 Maine, 334.

The other objection is, that the same justice is now counsel in the present action on the bond. It is sufficient to say of this objection that it relates to matters subsequent to the time of examination and discharge.

The question of " disinterestedness" must be determined upon the facts existing at the time of the disclosure. If the magistrate was *then* competent to act, his subsequent action and relations could not deprive a poor debtor of the benefit of his discharge. If a magistrate, who took a dis-

closure, he then being disinterested, should afterwards by marriage become related to the creditor, within the degree of second cousin, could that fact be invoked to establish a disqualification at the time of the disclosure?

If, then, the fact stated, would in itself create such new relations between the parties, as would render it illegal for the justice to act at the present time, yet, being subsequent to the hearing and adjudication, it cannot affect the case.

The entry, under the agreement of the parties, must be

*Judgment for defendant.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.